UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALWYN GIBSON, II<br><br>    Petitioner,<br>v.<br>JAMES HILL, Warden,<br><br>    Respondent. | No. 8:25-cv-00083-HDV-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

**SUMMARY OF ORDER**

Petitioner Alwyn Gibson filed a habeas petition pursuant to 28 U.S.C. § 2254. His Petition presents two claims, one, a claim of ineffective assistance of counsel of his trial lawyer, and two, a claim that the trial judge did not properly exercise his discretion in imposing firearms enhancements. On initial review, it appears there are two problems with his Petition. First, it appears the Petition may be untimely. Petitioners generally have one year after the judgment is final to file a federal habeas petition; here, it appears there is a longer gap between his judgment becoming final and his filing in this Court. Second, it appears his second claim may not be cognizable—meaning, it is not the kind of claim for

which the federal courts may grant habeas relief. Federal courts may only grant federal habeas relief if a prisoner is held in violation of the federal Constitution, a federal statute, or treaty. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). But Gibson's claim appears to be a matter of state sentencing law, and a court may not grant federal habeas corpus relief for errors of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

The Court therefore orders Gibson to explain why his Petition should not be dismissed as untimely and why his second claim should not be dismissed because it presents a non-cognizable claim. Based on his response, the Court will recommend to the assigned District Judge what action to take.

**If Gibson fails to timely respond to this order, the Court will recommend that this action be dismissed without prejudice for failure to prosecute or to follow court orders**.

## ORDER

Petitioner Alwyn Gibson is a California state prisoner currently housed in the Richard J. Donovan Correctional Facility in San Diego, California. (ECF 1 ("Pet.") at 1.) Gibson was charged in Orange County Superior Court with the murder of his girlfriend's father and the attempted murder of her brother. *People v. Gibson*, No. G056621, 2020 WL 5057474, at *1 (Cal. Ct. App. Aug. 27, 2020). After a jury trial, Gibson was convicted of one count of first-degree murder, one count of attempted murder, and the jury found true a robbery-murder special circumstances allegation. *Id.* Gibson's conviction was affirmed on direct appeal. *Id.* at *2. The California Supreme Court rejected his petition for review on November 10, 2020. (Pet. at 3.)

Petitioner filed a habeas petition in the Orange County Superior Court, which was denied on April 21, 2021. (Pet. at 4.) The California Court of Appeal

denied a petition filed in that court shortly thereafter.[1] (S*ee* Docket, No. G060283 (Cal. Ct. App. May 27, 2021) (reflecting summary denial of petition).) The California Supreme Court denied the petition presented to it on August 11, 2021. (Pet. at 5; *see also* Docket, *In re Gibson*, S269560 (Cal. Aug. 11, 2021) (indicating that petition for review was denied without prejudice to filing a motion for discovery in the superior court).)

Gibson filed this federal Petition on January 16, 2025. A search of the federal docket and of the California Court of Appeal or California Supreme Court dockets do not reflect any filings between August 2021 and January 2025.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. It appears that the initial Petition is subject to dismissal under Rule 4 because it is untimely. It also appears that the second claim is subject to summary dismissal because it is not cognizable on habeas review. The Court will discuss each of these in turn.

First, it appears the Petition may be untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a one-year statute of limitations for the filing of a federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The statute of limitations runs from the latest of several triggering dates. The one that is apparently relevant here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the

---

[1] The Petition indicates that a state habeas petition filed in the California Court of Appeal was denied August 11, 2021. (Pet. at 5.) This appears to be an error, as that is the date the California Supreme Court denied the petition in that court. The Court uses the date on the California Court of Appeal docket that matches the case number Gibson provides.

1. time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, the California Supreme Court denied Gibson's petition for review on November 10, 2020. A search of the U.S. Supreme Court docket does not reflect that Gibson filed a petition for a writ of certiorari there. His conviction thus became final when the time for filing such a petition expired. The rules require a petition for a writ of certiorari to be filed within 90 days of entry of judgment. See U.S. Sup. Ct. Rule 13. It would appear, then, that Gibson's conviction became final on or about February 8, 2021, ninety days after the California Supreme Court denied his petition for review. But Gibson did not file in this Court within a year of that date (February 8, 2022); his initial Petition was filed January 16, 2025.

It appears Gibson may well be entitled to some period of statutory tolling. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In essence, that means the running of the statute of limitations is put on hold while a petitioner pursues a first round of state habeas relief. It is unclear exactly how much tolling Gibson would be entitled to; the Petition does not reflect filing dates, only decision dates. Thus, for purposes of this screening order, the Court will give Gibson the benefit of the doubt, and assume that he would receive statutory tolling for the habeas petitions filed in 2021. Such tolling would at most mean that the running of the statute of limitations did not actually start running until August 2021. Still, Gibson did not file within a year of that date either—he filed more than two years late, even given that more generous reading of the timeline.

The deadline for filing a habeas petition is subject to "equitable tolling." A petitioner is entitled to equitable tolling "only if he shows (1) that he has been

4

pursuing his rights diligently, and (2) that some extraordinary circumstance prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). But Gibson has not provided any facts that would support a finding that he is entitled to equitable tolling.[2]

For these reasons, it appears that Gibson's Petition might be subject to dismissal because it was not filed within the statute of limitations period.

Second, a federal court may only grant federal habeas relief upon a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. *McGuire*, 502 U.S. at 68. A court may not grant federal habeas corpus relief for errors of solely state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). In his second claim, Gibson alleges that his sentence was erroneous under state law. Such claims are generally not cognizable on federal habeas review—that is, they are not the kind of claim as to which the federal court may grant habeas relief. Any error in Gibson's initial sentencing and any entitlement he may have to being resentenced is a matter of state law, and federal habeas relief may not be granted for errors of state law. *See Zaragoza v. Lamarque*, 145 F. App'x 572, 573 (9th Cir. 2005) (holding that whether a prior conviction was a serious felony under California's Three Strikes law was "an

---

[2] Given the subject of Gibson's direct appeal and his claim here, the Court advises Gibson that mental illness may be a basis for equitable tolling, but the petitioner must show:
> (1) the impairment was so severe that either (a) the petitioner was unable rationally or factually to understand personally the need to file on time, or (b) the petitioner's mental state rendered him or her personally unable to prepare and file a habeas petition; and (2) the petitioner diligently pursued the claims to the extent he or she could understand them, but the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Stancle v. Clay*, 692 F.3d 948 (9th Cir. 2012). This is not to suggest that mental illness is the only basis for equitable tolling, only to provide Gibson with the standard that applies to one basis that could conceivably be relevant.

issue of state law and as such is generally not cognizable on federal habeas review").

Before the Court recommends dismissal of either the action or any claim in the Petition, however, the Court will give Gibson an opportunity to respond. Gibson is therefore **ORDERED** to show cause—to explain in writing—why the Court should not recommend to the assigned District Judge that his Petition be dismissed. Gibson shall file his response **no later than February 24, 2025**.

**Gibson's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed with or without prejudice based on the merits of his claim, for failure to present cognizable claims, or for failure to prosecute and to follow court orders**.

DATED: January 23, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE